FILED
NOV - 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

STANLEY A. SLUPKOWSKI
FMC 19289-083 ADMIN SEG 2E
FEDERAL MEDICAL CENTER
P.O. BOX 1600
BUTNER NC., 27509-1600

CASE NUMBER 1:06CV01863

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE N
WASHINGTON D.C. 20001

JUDGE: Unassigned

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 11/01/2006

STANLEY A. SLUPKOWSKI

PETITIONER,

V.

THE UNITED STATES OF AMERICA
DEFENDANT

UNITED STATES ATTORNEY GENERAL
DEFENDANT

DIRECTOR BUREAU OF PRISONS
DEFENDANT

DIRECTOR UNITED STATES SECRET SERVICE
DEFENDANT

SECRETARY OF VETERANS AFFAIRS
DEFENDANT

JUDGE ADVOCATE GENERAL FOR THE UNITED STATES NAVY AND UNITED STATES MARINE CORPS
DEFENDANT

COMMISSIONER SOCIAL SECURITY ADMINISTRATION
DEFENDANT

AMBASSADOR, EMBASSY OF FRANCE
DEFENDANT

AMBASSADOR, EMBASS OF UNITED KINGDOM OF GREAT BRITIAN AND NORTHERN IRELAND (BRITISH EMBASSY)

RESPONDENT(S)., ET AL.

CASE NO. _____

INMATE NUMBER FMC 19289-083

PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 USC 2241, AND 18 USC 4247(G), 8 USC 1226A, 18 USC 871, 879 AND/OR 1751

PURPOSE OF AMBASSADORS OF FRANCE AND ENGLAND IS PURSUANT 38 USC 109, VALIDATION OF SERVICE ALLIED ARMED FORCES

JUDGE ADVOCATE GENERAL DEPARTMENT OF NAVY, PURSUANT TO 10 USC 6160 PENSION OVER TEN YEARS, SERVICE USN/USMC

SOCIAL SECURITY PURSUANT TO 38 USC 5317 RIGHTS AND ENTITLEMENTS FOR VETERANS FROM SOCIAL SECURITY

VETERANS AFFAIRS PURSUANT TO 38 USC GENERALLY RIGHTS AND ENTITLEMENTS FOR VETERANS

WASHINGTON D.C. POLICE DEPARTMENT POLICE HARASSMENT

UNITED STATES ATTORNEY PURSUANT TO 18 USC 4247(G), AND 8 USC 1226A

UNITED STATES SECRET SERVICE PURSUANT TO 18 USC GENERALLY, 18 USC 4247(E)(1)(B) USC 871, 879, AND 1751, USA IS ALSO INVOLVED PURSUANT TO 18 USC 4247(E)(1)(A) SEMI ANNUAL REPORT.

AMBASSADORS AND UNITED STATES ATTORNEY PURSUANT TO 18 USC CHAPTER 306, TRANSFER TO OR FROM FOREIGN COUNTRIES USC 4101-4115, PETITIONER REAL NAME IS LEON KOZLOWSKI BORN AUSHWITZ POLAND 1 APR 44

RECEIVED
OCT 18 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PAGE 1 OF 16

1

ADDRESS OF DEFENDANTS

DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
950 PENNSYLVANIA AVENUE N.W.
WASHINGTON D.C. 20530

DEPARTMENT OF JUSTICE
DIRECTOR BUREAU OF PRISONS
320 FIRST STREET N.W.
WASHINGTON D.C. 20534

UNITED STATES SECRET SERVICE
OFFICE OF THE DIRECTOR
245 MURRY DRIVE
WASHINGTON D.C. 20223

DEPARTMENT OF VETERANS AFFAIRS
SECRETARY OF VETERANS AFFAIRS
810 VERMONT AVENUE N.W.
WASHINGTON D.C. 20420

DEPARTMENT OF THE UNITED STATES NAVY
OFFICE OF THE JUDGE ADVOCATE GENERAL
FOR THE UNITED STATES NAVY AND MARINE
CORPS
1322 PATTERSON AVENUE S.E.
WASHINGTON NAVY YARD D.C. 20374

DEPARTMENT OF HEALTH AND HUMAN SERVICES
OFFICE OF THE COMMISSIONER FOR THE
SOCIAL SECURITY ADMINISRATION
200 INDEPENDENCE AVENUE S.W.
WASHINGTON D.C. 20201

EMBASSY OF FRANCE
4101 RESERVOIR ROAD N.W.
WASHINGTON D.C. 20007

UNITED KINGDOM OF GREAT BRITAIN &
NORTHERN IRELAND BRITISH EMBASSY
3100 MASSACHUSETTS AVENUE N.W.
WASHINGTON D.C. 20008

# I
## JURISDICTION AND AUTHORITY

THIS COURT HAS JURISDICTION, THE DEFENDANTS ARE ALL LOCATED IN THE METROPOLITAN AREA OF WASHINGTON D.C., WHERE IT WOULD BE IMPRACTICAL TO TRY TO HOLD THE PROCEEDINGS IN DISTRICT COURT RALEIGH NC.,. THIS COURT HAS JURISDICTION UNDER 28 USC 2241 (HABEAS CORPUS) AND 18 USC 4247(G) (HABEAS CORPUS SHALL NOT BE IMPAIRED WHEN CHALLENGING THE LEGALITY OF CONFINEMENT). THIS HAS JURISDICTION UNDER 28 USC 2241 (HABEAS CORPUS) AND 8 USC 1226A (HABEAS CORPUS SHALL NOT BE IMPAIRED WHEN CHALLENGING CONTINTUTION OF DANGEROUS TO SELF AND OTHERS, STUDY, THE WRIT OF HABEAS CORPUS IS TO REQUIRE THE UNITED STATES ATTORNEY TO CONTINTUTE OR DISCONTINTUATION OF DANGEROUS STUDY AND RELEASE THE PETITIONER, PURSUANT TO 18 USC 871, 879, AND/OR 1751 INFROMATION IS TO BE PROVIDED TO THE DIRECTOR OF THE UNITED STATES SECRET SERVICE ON A SIX MONTH BASIS WITH THE CHALLENGING CONTINTUATION OF DANGEROUS STUDY AND/OR RELEASING OF PETITIONER.

# II
## STATEMENT OF THE ISSUES

THE ABOVE PETITIONER IS CHALLENGING THE CONSTITUTIONALITY OF HIS CONFINEMENT IN AN FEDERAL FACILITY AND ALLEGES THAT THE FEDERAL OF PRISONS (BOP), DOES NOT HAVE LAWFUL CUSTODY OF HIM AND THAT ALL OF THE BOP EMPLOYEES ARE ACTING IN CLEAR ABSENCE OF ALL LAWFUL JURISDICTION, AND AUTHORITY. BECAUSE THE BOP EMPLOYEES DO NOT HAVE LAWFUL JURISDICTION, OR AUTHORITY, THE BOP PHYSICIANS EMPLOYEES CANNOT PRESCRIBE ANY MEDICAL, PSYCHIATRIC, OR PSYCHOLOGICAL CARE OR TREATMENT REGIMEN; THEY CANNOT SUBMIT ANY REPORT OR RECOMMENDATION TO THE COURT REGARDING THE PETITIONER; THEY CANNOT PRESCRIBE, NOR FORMULATE, ANY RELEASE CONDITION. PETITIONER DEMANDS HIS UNCONDITIONAL RELEASE OR A MANDATE ISSUED TO THE UNITED STATES ATTORNEY GENERAL TO COMPLY WITH THE TERMS OF 18 USC 4241(C), (D), PURSUANT TO 4247(D), A HEARING WAS NOT HELD. PENDING INDICTMENT DIMISSED WITHOUT PREJDUICE 13 JUN 1994. THE PETITIONER CANNOT BE REQUIRED TO HAVE A HEARING PURSUANT TO 4247(D), BECAUSE PENDING INDICMENT WAS DIMISSED BY LAW, AND NOT BY MENTAL CONDITION, THEREFORE THE PETITIONER CANNOT BE MADE A 4246, AND REMAINS A 4241(D), AND THE RELEASE PROCEEDINGS MUST BE IN COMPLIANCE WITH VITEK V. JONES, AND RELEASE THE VETERANS AFFAIRS MEDICAL CENTER, AS REQESTED BY THE PETITIONER SINCE 20 APR 1993. INSTEAD OF THE UNITED STATE ATTORNEY FEDERAL COURT RALEIGH NC., FILING MISTRIAL MOTION THE U.S. ATTORNEY FILED FOR A RELEASE HEARING PURSUANT TO 4247(D), THIS IS A

PROPER PROCEEDING, IN LIEU OF FILING FOR MISTRIAL, THE UNITED STATES ATTORNEY CONCEDED, TO INSUFFICIENT EVIDENCE TO PROCEED WITH CRIMINAL PROSECUTION. THE UNITED STATES DID NOT FILE NEW COMPLAINT WITHIN TWO MONTHS, THEREFORE PURSUANT TO 18 USC GENERALLY, THE PETITIONER WHOULD OF BEEN RELEASED, ON 13 JUN 1994, THE LATTEST, WITHOUT BAIL, WITHOUT CONDITIONS, WITHOUT REGIMEN OF MEDICAL OR RESTRICTIONS, THE RETURN OF ALL CONFISCATED PROPERTY BY AUTHORITY, TO INCLUDE WEAPONS, MUNITIONS, ETC.,. THE PETITIONER ALSO REQUESTED ON 15 MAR 1994, FOR THE FEDERAL COURT ALEXANDRIA VA., TO PROVIDE DISPOSITION OF CHARGES OF THE INFORMATION FILED, 30 MAY 1994, THE PETITIONER WAS NOTIFIED THE CHARGES ARE BEING DIMISSED AND FOR THE PETITIONER WAS TO BE RELEASED, AND REQUESTED THE FEDERAL COURT RALEIGH NC., HOLD A RELEASE HEARING, 24 MAY 1994, THE WARDEN REQUESTED STAY OF RELEASE PURSUANT TO 18 USC 4246, AND REQUESTED HEARING PURSUANT TO 4247(D), 13 JUN 1994, DISTRICT COURT ALEXANDRIA VA., DISAPPROVED THE PURSUANT TO 4246 ASSIGNMENT WITH DIMISSING PENDING INDICTMENT DIMISSED WITHOUT PREJDUICE, IN ORDER TO HELD FOR HEARING AND ASSIGNMENT OF 4246 THE CHARGES MUST BE DIMISSED BY MENTAL CONDITION, PETITIONERS PENDING INDICTMENT WAS DIMISSED WITHOUT PREJDUICE. STATUS OF LIMINATIONS SURPASSED TWO MONTHS WHEN THE UNITED STATES SECRET SERVICE FAILED TO FILE NEW COMPLAINT, AND THE DATE OF ORDER TO DIMISSED PENDING INDICTMENT WITHOUT PREJDUICE THE U.S. ATTORNEY FILED FOR RELEASE HEARING 13 JUN 94. THE PETITIONER WAS SENT TO FEDERAL CORRECTION INSTITUTION (MEDIUM), BUTNER NC., ON 24 JUN 1993 FOR TWO WEEK PSYCHIATRIC AND MEDICAL EVALUATION WHICH WERE NEVER HELD. THE PETITIONER SHOULD OF BEEN RETURNED NO LATER THEN 30 JUN 1993, FOR DISPOSITION HEARING PURSUANT TO 4241(D), THE PETITIONER HAS NEVER BEEN TO COURT FOR ANY HEARING. THE COURT RALEIGH NC., STATED THE PETITIONER WAS A 4243 ACQUITTEE, THE PETITIONER REFILED NUMEROUS PETITIONS NOW THE FEDERAL COURT RALEIGH NC., AND FEDERAL MEDICAL CENTER BUTNER NC., STATES THE PETITIONER IS A 4246, PENDING RELEASE TO ANOTHER AREA OF ACCEPTANCE. THE PETITIONER HAS NEVER BEEN TO COURT AND CHARGES WERE DIMISSED WITHOUT PREJDUICE AND NOT BY MENTAL CONDITION, THEREFORE THE PETITIONER CAN NEVER BE A 4246, THE ONLY RELEASE HEARING WHICH CAN BE HELD IS PURSUANT TO VITEK V. JONES AND RELEASE THE PETITIONER TO VETERANS AFFAIRS MEDICAL CENTER WASHINGTON D.C.. THE BOP EMPLOYEES STATE THERE ARE NO MEDICAL CENTER, HOSPITALS, PHYSICIANS, PSYCHIATIST, PSYCHOLOGIST OR ANY SOCIAL SERVICES, MILITARY AGENCIES, OTHER FEDERAL AGENCIES IN THE METROPOLITAN AREA OF WASHINGTON D.C. THEN THE NURSING

FACILITY AMBULATORY CARE FOR ADULT MENTAL HEALTH THE WHOLE FEDERAL CORRECTION COMPLEX BUTNER NC., IS CLASSIFIED BY JOINT ACCREDITATION OF HEALTH CARE ORGANIZATIONS AUTHORIZED BY SECRETARY OF HEALTH AND HUMAN SERVICES, THERE IN THE LAST 31 YEARS HAS NEVER BEEN A PSYCHIATRIC HOSPITAL OR MEDICAL CENTER AT BUTNER NC.,.

THIS IS WHY THE PETITIONER HAS REQUESTED THE DEFENDANTS TO PROVIDE INFORMATION CONCERNING THEIR AGENCIES ABILITY TO PROVIDE SERVICES, RIGHTS AND ENTITLEMENTS, IN THE METROPOLITAN AREA OF WASHINGTON D.C. THE PETITIONER SERVED IN THE FRENCH FOREIGN LEGION FROM 1 APR 1944 THRU 1 SEP 1946, AND FROM 1MAR 1948 THRU 1 SEP 1954, BORN AUSCHWITZ POLAND, TAKEN TO WARSAW GHETTO POLAND AFTER MOTHER ANNA A15083 WAS EXECUTED, (POLISH PROSITUTE SERVICING GERMANS OFFICERS IN THE CAMPS), BROUGHT TO THE UNITED STATES 1 SEP 1946 UNDER THE UNITED NATIONS DIS-PALCED PERSON ORPHAN PROGRAM OF WORLD WAR TWO, SERVED $6\frac{1}{2}$ YEARS IN FRENCH INDO CHINA, PURSUANT TO 38 USC 109 IS ENTITLED TO VETERANS RIGHTS FOR SERVICE IN ALLIED FORCES IN BEHALF OF THE UNITED STATES. FIRST RECEIVED SERVICE CONNECTED MEDICAL TREATMENT VETERANS AFFAIRS MEDICAL CENTER LAKESIDE CHICAGO IL., 2 JUL 1962 YOUNGEST COMBAT VETERAN TO RECEIVE MEDICAL TREATMENT AT THAT FACILITY AGE 15. SERVED 23 AUG 1963 THRU 30 DEC 1977 UNITED STATES MARINE CORPS ACTIVE DUTY THREE TOURS VIETNAM, PURSUANT TO 10 USC 6160 TEN YEARS OR MORE DEPARTMENT OF THE NAVY SERVICE ENTITLED TO PENSION DEPARTMENT OF THE NAVY, FOR THE VETEANS AFFAIRS TO PROVIDE PENSION AND MEDICAL TREATMENT, DEPENDANTS IDENTIFICATION CARD, PURSUANT TO 38 USC 101 AUTHORIZED VETERANS BENEFITS FOR SERVICE UNITED STATES MARINE CORPS OVER 14 YEARS, THREE TOURS IN VIETNAM, SEVICE CONNECTED DISABILITY ISSUED DEPARTMENT OF THE NAVY 7 JUNL 1975, AND REISSUED VETERANS AFFAIRS 30 DEC 1977, FIRST PAYMENT 2 JAN 1978. AND TWO YEARS NAVAL SERVICE, THE PETITIONER DOES NOT HAVE TO FILE FOR SERVICE CONNECTE DISABILTIY SINCE THE PETITIONER HAS HAD THE DISABILTY SINCE 2 JUN 1962, ONLY INDIVIDUALS WHO HAVE NEVER FILED HAVE TO FILE BY STATUTES OF LIMITIONS. THE PETITIONER HAS BEEN TREATED BY VETERANS AFFAIRS FACILITIES SINCE 2 JUL 1962 (44) YEARS.

III
STATEMENT OF THE FACTS

1. THE ABOVE PETITIONER STANLEY A. SLUPKOWSKI, APPEARING IN PRO SE: IS A UNCONVICTED, AND UNCHARGED, CIVILLY COMMITTED MENTAL HEALTH PATIENT UNDER 18 USC 4241(D) FOR EVALUATION.

2. THE PETITIONER WAS COMMITTED ON 20 APR 1993, ALEXANDRIA VA., DISTRICT

COURT FOR PSYCHIATRIC EVALUATION, ON 26 APR 1993, WAS FOUND COMPENANT TO STAND TRIAL, BUT THE COURT REQUESTED STUDY FOR DANGEROUS TO SELF AND OTHERS AS ORDER BY THE SECRET SERVICE OF THE UNITED STATES. (THE UNITED STATES SECRET SERVICE INVOLVEMENT, IS BECAUSE WHEN THE PETITIONER DAMAGED A UNITED STATES MAIL BOX WITH A RIFLE (TWO DENTS IN THE MAIL BOX), WHEN THE PETITIONER LIVING QUARTERS WAS SEARCHED BY PRINCE WILLIAM POLICE DEPARTMENT VA., THERE WAS A UNSENT MAILGRAM DATED 20 JAN 1993 TO PRESIDENT CLINTON (THE DISCOVERY WAS 20 APR 1993 THREE MONTHS LATER), THE MAILGRAM DID NOT STATE ANY THREATS AGAINST THE PRESIDENT ONLY REQUESTING IF THE PRESIDENT WISH TO MET IN VA., IL., OR CA., PROVIDING THE INTENT WAS PROVIDED TO THE PETITIONER WOULD MEET WITH PRESIDENT CLINTON, THE MAIN CONCERN OF THE MAILGRAM WAS THE CLOSING OF MILITARY FACILITIES AND THE PROBLEMS THEY CAUSE UPON THE POPULATION. THE MAILGRAM WAS NEVER SENT, THE SECRET SERVICE OF THE UNITED STATES AGENT IN THE MANASSAS COUNTY JAIL, STATED THEY WANTED AN EVALUATION AND STUDY PREFORM ON THE PETITIONER, AND FOR THE PETITIONER NOT TO WRITE THE PRESIDENTS OFFICE UNTIL THE SITUATION IS RESLOVED. ON 24 JUN 1993, PETITIONER SENT TO BOP FACILITY BUTNER NC., FOR SECOND OPITION EVALUATION AND DANGEROUS STUDY TO BE RETURNED NO LATER THEN 30 JUN 1993, FOR DISPOSITION HEARING. PETITIONER WAS NEVER RETURNED TO ALEXANDRIA VA., DISTICT COURT OR HAS SEEN ANY PSYCHIATRIST OR PSYCHOLOGIST IN CONSULTATION IN 14 YEARS, NO BLOOD, URINE TEST TO DETERMINE DISEASE OR ANY TEST (CATSCAN, MRI, ECHOGRAM ECT.,) TO DETERMINE DEFECTS WERE EVER PREFORMED IN 14 YEARS. ADMINISTRATED WAS THE UNIVERSITY OF MN., 3M TEST WHICH IS ALSO USED IN RECURITING FOR MILITARY SERVICE, AND THE PACE TEST FOR EMPLOYMENT AS A CIVIL SERVICE EMPLOYEE. THE PETITIONER INFORMED THE STAFF ALL EVALUATIONS, QUESTIONSD SIXTY DAYS IN ADVANCE, STENOGRAPHER PRESENT, ATTORNEY PRESENT, ONE PSYCHIATRIST OR APSYCHOLOGIST AT A TIME, NO CONSULTATION IN 14 YEARS, JUST MOOT MEETINGS WITH STAFF MEMBERS, SINCE 24 JUN 1993 THRU PRESENT. THE ONLY MEDICAL EXAMINATION WAS DUKE UNIVERSITY DURHAM NC., THE MEDICAL CENTER DID VALIDATE MEDICAL CONDITIONS AS STATED BY VETERANS AFFAIRS, AND SOCIAL SECURITY, REQUESTED THE PETITIONER RETURN EVERY TWO YEARS FOR FOLLOW UP AND RECOMMENDED THYE BOP TO FOLLOW REQUESTED MEDICAL TREATMENT. THIS WAS 15 JUL 1994, BOP HAS NEVER FOLLOWED UP ON ANY INSTRUCTIONS AND THE PETITIONER HAS NEVER BEEN RETURNED TO DUKE MEDICAL CENTER FOR CONTINTUAT-ION OF TREATMENT. THE VETERANS AFFAIRS, AND DUKE UNIVERSITY BOTH CONCUR THE PETITIONER HAS NO PSYCHIATRIC PROBLEMS, IS NEUROLOGICAL AND THE DEFECT IS PART OF THE CENTRAL NERVOUS SYSTEM, AUTOIMMUINE DISORDER,

THE MAIN PROBLEM IS THE ENDOCRINE SYSTEM MALFUNCTION, CAUSED BY VIRUS/DISEASE (TUBERCULOSIS), CAUSED THE PITUITARY (SHORT STALK) TO BE DAMAGED/DESTROIED, IT IS CONNECTED TO THE HYPOTHALAMUS IN THE BRAIN, CAUSEING, DIABETES INSIPIDUS/HYPOPITUITARISM/HYPOTHALAMUS, WITH EXTREME HEAT (CONTROLLED BY CAFFEENE), CAUSE MALFUNCTIONS OF OTHER GLANDS FUNCTIONS, LIKE HYPOTHYROIDISM, HYPOPARATHYROIDISM, DIABETES MELLITUS, ADDISON DISEASE, DIABETIC VASCULAR DISEASE, CARDIO VASCULAR DISEASE (3 MI 1973, 1983, AND 1992 ALL CAUSED BY STRESS), MARABSORPTION (PASSING OF WATER WITH MEDICATIONS, AND NUTRIENTS), HYPERACTIVITY ATTENTION DEFICT DISORDER (OR) MINIMAL BRAIN DYSFUCTION), BIOLOGICAL BASIS, KYPERKINESIS, TREATED WITH CAFFEENE, THE PETITIONER PROBLEMS ARE NEUROGOLICAL AND NOT PSYCHIATRIC, DEFEDT IS BRAIN DAMAGE BY VIRUS TO THE PITUITARY SHORT STALK (BRAIN STEM) TO THE HYPOTHALAMUS. NO ANTI PSYCIATRIC PROBLEMS (PSYCHOLOGICAL IS ANTI-PSYCHIATRIC). THE CONDITION IS ( U N C U R E A B L E ) , JUST TREATABLE).

3. 18 USC 4243 PETAINS TO FEDERAL INSANITY ACQUITTEES (THE PETITIONER PLEADED TO NOT GUILTY TRIAL BY JURY, DISMISSED THE PUBLIC DEFENDER CHARLES CRAMER 27 APR 1993, AS INEFFICTIVE COUNSEL, AND ASSMUME THE POSITION OF PRO SE: PETITIONER CANNOT BE MADE A 4243. 18 USC 4246 PERTAINS TO OTHER FEDERAL CIVIL COMMITMENTS, THESE CAN ONLY BE MADE BY (1) MENTAL CONDITION WAS REASON FOR DIMISSAL OF INDICTMENT OR CHARGES. (2) PRIORLLY 4244 CONVICTED UNFINISHED TIME, (3) PRIORLLY 4245 SENTENCED OR FINISHED SENTENCED, THE PETITIONERS PENDING INDICTMENT DIMISSED WITH- OUT PREJDUICE, NO CONDITIONS, NO BAIL, NO MEDICAL REGIMEN, NO FORCE MEDICATION, RETURN OF ALL PROPERTY TO INCLUDE WEAPONS, MUNITIONS, AND ANY OTHER PROPERTY CONFISCATED. ON 15 JUL 1994 THE PETITIONER WAS FORCED MEDICATED WITHOUT COURT ORDER PURSUANT TO 18 USC 4247(D), COMMITED, THE PETITIONER CAN ONLY HAVE A HEARING PURSUANT TO VITEK V. JONES. THE FORCE MEDICATION WAS FOR TO BE ONLY NITY DAYS TO TURN OVER THE PETITIONER TO VETERANS AFFAIRS MEDICAL CENTER LAKESIDE CHICAGO IL.,. WHICH NEVER TOOK PLACE, THE PETITIONER WAS FORCED MEDICATED FOR EIGHT AND HALF YEARS, AND ON 15 DEC 2002 WAS ALLOWED TO FINALLY ALLOWED TO COME OFF PSYCHOTRIPIC MEDICATIONS. THE FORCE MEDICATED HEARING WAS WITH SALLY JOHNSON NOW THE HEAD PSYCHIATRIST FOR THE DEPARTMENT OF JUSTICE, WASHINGTON D.C., THE MEDICATION USED WAS HALDOL WHICH INDIVIDUALS WITH CENTRAL NERVOUS SYSTEM DISORDER (NEUROLOGICAL IS NOT TO TAKE WHICH WILL CAUSE MENTAL RETARDATION, SCHIZOPHRENIA, OR A MANIC-DEPRESSIVE, BIPOLOR STATE, AND SOME INDIVIDUALS MOVE THEM INTO A STATE OF COMPLETE INSANITY. THE ONLY REASON WHY THE PETITIONER ALLOWED TO BE FORCE MEDICATED

WAS THAT THE PETITIONER WOULD BE RETURNED TO VAMC LAKESIDE CHICAGO IL., WHERE PRIORLLY THE PETITIONER WAS ON HALDOL FROM A EVALUATION AT MADDEN CHICAGO IL., UPON RETURNING TO VAMC LAKESIDE CHICAGO IL., PHYSICIAN STRINGER TOOK THE PETITIONER OFF ALL PSYCHOTROPIC MEDICATIONS BECAUSE THE PETITIONER IS NEUROGOLICAL AND THE MEDICATION WOULD MAKE HIM INSANE, SINCE THE PETITIONER WAS NOT PSYCHIATRIC.  UPON ENTERING BOP 20 APR 1993 THE PETITIONER TOLD THE STAFF OF THE PROBLEMS WITH ATROPINE/BELLADONNA (AMPHETAMINES), BLOCK NEUROTRANSMITTEER STOPPING ACETYLCHOLINE PRODUCTION, OTHER PROBLEM MEDICATIONS IS PHENOBARBITAL AND ERGOTAMINE BECAUSE ALL THREE MEDICATIONS WERE PART OF A MEDICTION WHILE TO COVER UP A MYOCARDIAL INFRACTION AT THE UNITED STATES NAVAL HOSPITAL GREAT LAKES IL., 1 MAR 1973, WAS GIVEN SUPER BELAGRALL 50MG OF PHENOBARBITAL TABLES TWICE A DAY (MAXIMUN DOSAGE IS 50MG DAILY), ONLY TO BE ON THIS MEDICATION THIRTY DAYS AND EVERY FIVE DAYS MEDICATION LEVELS CHECK, THE PETITIONER WAS ON THIS SUPER BELAGRALL 18 MONTH AS TWICE THE MAXIMUN DOSAGE, AND WENT COLD TURKEY, OCT 1974, WHEN THE PETITIONER RECEIVED A STATUS REPORT ON SUPER BELAGRALL 50MG TABLES, FROM HIS FIRST WIFE SANDRA J. SLUPKOWSKI, NOW MEYERS OF ABBOTTS PHARMACEUTICAL REASEARCH DIVISION ABBOTT PARK IL., ENDED UP ON EVAIL ON 7 JUL 1975 BECAUSE OF ACUTE ON SET OF DIABETES MELLITUS AS A RESULT OF THE MISPRESCRIBED MEDICATION AND PROLONG USE OF OVER DOSAGE SUPER BELLAGRAL 50MG.

4.  18 USC 4247 PROVIDED INSTURCTIONS FOR THE OPERATION OF 18 USC 4243 AND 4246 (WHICH THE PETITIONER DOESNOT MAKE THE ELIGIBILITY OF EITHER CRITERIA OF 4243 OR 4246, COMMITMENTS).

5.  ALL FEDERAL CIVIL COMMITMENTS ARE PLACE INTO THE CUSTODY OF THE U.S. ATTORNEY GNERAL EITHER UNDER 18 USC 4243(E) OR 18 USC 4246(D), THE PETITIONER DOESNOT MAKE THE ELIGIBILITY OF EITHER CRITERIA OF 4243 OR 4246 COMMITMENTS.

6.  THE STATUTES REQUIRE THAT FEDERAL CIVIL COMMITMENTS TO BE "HOSPIT-ALIZED" INTO A MENTAL HOSPITAL (VITEK V. JONES STATES CAN BE ANY FEDERAL STATE CITY COUNTY MEDICAL FACILITY), US V SHERMAN, NDILL 1989, 722 FSUPP 504).

7.  THE FEDERAL GOVENMENT DOES NOT HAVE A CIVIL HOSPITAL IN WHICH TO CONFINE CIVIL COMMITMENTS (FOUCHA V LOUISIANA, 1994, 504 US 71; MARIETTE V CICCONE, WDMO 1969, 305 FSUPP 755; WILLIAMS V RICHARDSON, 8C1978, 481 F2D 358).

8.  CIVIL COMMITMENTS CANNOT BE CONFINED IN ANY COUNTY JAIL, PENITENTIARY,

*PRISON, OR ANY OTHER PENAL OR CORRECTION INSTITUTION (FOUCHA, LYNCH V BAXLEY, MDALA 1974, 386 FSUPP 378, AFFIRMED 651 F2D 387 AND 744 F2D 1452; BUZYNSKI V OLIVER, 1C1976, 538 F2D 6; US V JAIN, 7C1999, 174 F3D 392; JONES V BLANAS, 9C2004, 393 F3D 918).

9. 18 USC 4001(A) STATES THAT NO CITIZEN CAN BE DETAINED OR IMPRISONED UNLESS THERE IS A FEDERAL LAW AUTHORIZING THE DETENTION OR IMPRISONMENT. THERE IS NO FEDERAL LAW THAT ALLOWS, OR AUTHORIZES, THE ATTORNEY GENERAL TO PLACE CIVIL COMMITMENTS IN ANY FEDERAL FACILITY.

WHEN A LAW IS SILENT ON AN ISSUE, THERE IS A CORRESPONDING LACK OF AUTHORITY (KEENE V US, 1991, 498 US 1102; BFP V RESOLUTIONS, 1994, 511 US 531; US V MILLS, EDWIS 2002, 186 FS2D 965; US V EVANS, EDPA 1998, 12 FS2D 461; US V JAIN, 7C1999, 174 F3D 892). US V BAKER 4C1998, 155 F3D 392.

DETENTION WITHOUT STATUTORY AUTHORITY IS UNCONSTITUTIONAL (MCCANN V CUNNINGHAM, DNH 2004, 315 FS2D 150).

WRONGFUL DETENTION VIOLATED 4TH AMENDMENT (US V ROMAIN, 1C2005, 393 F3D 63).

10. 18 USC 4042 GIVES THE FEDERAL BUREAU OF PRISONS JURISDICTION AND AUTHORITY ONLY OVER PENAL AND CORRECTIONAL INSTITUTIONS (NOT HOSPITALS) AND ONLY OVER PRE-TRIAL DETAINEES AND THOSE CONVICTED OF CRIMES (NOT COMMITMENTS). (PRE-TRIAL IS TO BE AT MEDUIMS IN CONTROLLED HOUSING FOR ONLY (90) DAYS THEN TRANSFERED TO GENERAL POPULATION IN ACCORDANCE WITH THEIR SECURITY LEVEL). CONVICTED OF CRIMES AND SENTENCED TO FEDERAL MEDICAL CENTERS WHICH ARE ADMINISTRATIVE SEGREGATION, SEGREGATION, AND DISCIPL INARY SEGREGATION, FOR UP TO SIX MONTHS AUTHORITY OF THE WARDEN AND UP TO ONE YEAR BY THE UNITED STATES ATTORNEY GENERAL BOTH REQUIRE THE WARDEN IN WRITING TO NOTIFY THE INMATE REASON AND HOW LONG THE INMATE WILL BE THERE. PERNMENTLY COMMITMENTS AFTER (90) DAYS GO TO GENERAL POPULATION ACCORDANCE WITH THEIR SECURITY LEVEL 18 USC 4243 AND 4246. 18 USC 4241 MAY ALSO BE IN THIS SITUATION, EITHER WAY THEIR AWAITING

DISPOSITION OF THEIR CASES OR AWAITING PLACEMENT IN AN AGENCY FACILITY AGENCIES ARE VETERANS AFFAIRS, DEFENSE, EDUCATION, SOCIAL SECURITY TO INCLUDE ALL STATE FACILITIES ARE UNDER SOCIAL SECURITY, HEALTH AND HUMAN SERVICES,

11. THE FEDERAL MEDICAL CENTERS (FMC), UNDER THE MANAGMENT AND OPERATION OF THE BOP, ARE PENAL INSTITUTIONS (NOT HOSPITALS), AND THOSE CONFINED THEREIN SUFFER IMPRISONMENT (NOT HOSPITALIZATION) (WILLIAMS V RICHARDSON,

8C1978, 481 F2D 358 CITING 11 CASES) (INCARCERATION MEANS DETAINED BY CIVIL AUTHORITY DOES NOT MEAN IMPRISONMENT).

12.  18 USC 4247(I) REQUIRES THE SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, TO APPROVE, AND CERTIFY, THE FACILITY AS BEING A PROPER, APPROPRIATE, AND SUITABLE MENTAL HEALTH HOSPITAL BEFORE IT CAN QUALIFIED AS BEING A HOSPITAL; AND THE SECRETARY MUST APPROVE, AND CERIFY, THE REHABILITATION PROGRAM AS PROPER, ADEQUATE, AND APPROPRIATE AS STATED IN SUB SECTION (A) OF 18 USC 4247(i).  THIS PASSAGE ALSO REQUIRES THE BOP TO CONTACT THE SECRETARY OF HEALTH AND HUMAN SERVICE WHEN PLACEMENT OF AN INDIVIDUAL CANNOT BE OBTAINED IN PRESCRIBED TIME PERIOD.  THE BUREAU OF PRISONS DOES NOT MAKE NOTICE TO THE SECRETARY WHEN SOME PASSAWAY IN ANY OF THE FACILITIES, (PURSUANT TO 42 USC GENERALLY ANYONE WHO PASSAWAY IN ANY FORM OF SECLUSION IS TO BE REPORTED TO THE THE SECRETARY.  WHAT BOP DOES IS GOES TO THE NEAREST DESK OF A PUBLIC HEALTH EMPLOYEE AND REPORTS THE INABILITY TO FIND PLACEMENT AND THE PASSING AWAY OF AN INMATE.  THE SECRETARY OF HEALTH AND HUMAN SERVICES ADDRESS IS:

>     SECRETARY OF HEALTH AND HUMAN SERVICES
>     DEPARTMENT OF HEALTH AND HUMAN SERVICES
>     200 INDEPENDENCE AVENUE S.W.
>     WASHINGTON D.C. 20201

THE NOTICE AND PLACEMENT IS TO BE DONE IN WRITING AND NOT BY JUST STOPPING BY TO A PUBLIC HEALTH WORKER, AND HAVE THEM BE GIVEN THE NOTICE.  PUBLIC HEALTH SERVICES PERSONNEL WHEN UNDER BOP DO NOT WORK FOR HEALTH AND HUMAN SERVICE, THEY WORK FOR SECRETARY OF JUSTICE, WHO EVER PAYS FOR THEIR TIME AND SERVICES IS WHO THEY WORK FOR, PUBLIC HEALTH IS A CONTRACTORAL SERVICES ORGANIZATIONS, AND PROVIDE HEALTH SERVICES TO EVER PAYS THEIR SALARY.

THE PLACEMENT OF AN INDIVIDUAL IS THE RESPONSIBLITY OF THE CASE MANAGER, MENTAL HEALTH UNIT MANAGER, AND ASSOICATED WARDEN FOR MEDICAL SERVICES, NOT THE CLOSEST PUBLIC HEALTH EMPLOYEE.  CASE MANAGER IS TO FILE EVERY 15 DAYS IN WRITING TO A AGENCY FOR PLACEMENT (VETERANS AFFAIRS DEFENSE, EDUCATION, SOCIAL SECURITY AND STATE AGENCIES WHICH ARE ALSO UNDER SOCIAL SECURITY.  MENTAL HEALTH UNIT MANAGER IS TO ASSIST AND THE ASSOICATE WARDEN IS TO FILE ONCE PER QUARTER FOR PLACEMENT OF INMATES IN MENTAL HEALTH.  LAST RESORT THE SECRETARY OF HEALTH AND HUMAN SERVICE IN WASHINGTON D.C. AND IN WRITING NOT BY PHONE.

13. FOR A FACILITY TO BE QUALIFIED AS BEING A "HOSPITAL", IT MUST BE ACCREDITED BY THE JOINT COMMISSION OF ACCREDITATIONS OF HEALTH CARE ORGANIZATIONS (JACAHO), (WOE V. CUOMO, EDNY 1983, 572 FSUPP 1300). THE FEDERAL CORRECTION COMPLEX BUTNER NC., WHICH CONTAINS TWO (MEDIUMS) ONE (LOW), TWO CAMPS (ONE AT SEYMORE JOHNSON AFB NC.,.), AN ADMINISTRATIVE FACILITY (CALLED MEDICAL CENTER), SINCE 1 OCT 1975 THRU PRESENT FOR THE LAST 31 YEARS HAS CLASSIFIED THE COMPLEX AS A NURSING FACILITY AMBULATORY CARE FOR ADULD MENTAL HEALTH, THERE HAS NEVER BEEN A PSYCHIATRIC HOSPITAL, PSYCHIATRIC DIVISION, OR MEDICAL CENTER AT THE COMPLEX, IN BUTNER NC.,. JSUT MENTAL HEALTH CONTROLLED HOUSING IN THE MEDIUMS AND ADMINISTRATIVE SEGREGATION AT THE ADMINISTRATIVE FACILITY. THE MOST THE ADMINISTRATIVE FACILITY CAN BE CLASSIFIED IS A UNITED STATES PENITENTIARY, HOSPICE, BUTNER NC.,.

(A) BUT SEE GATES V COOK, 5C2004, 376 F3D 323 (ACCREDITATION BY THE JCAHCO IS NOT PROFF THAT THE FACILITY MEETS CONSTITUTIONAL STANDARDS, OR EVEN A HOSPITAL, THE CERTIFICATIONS IS FOR HEALTH CARE ORGANIZATIONS BOP PROVIDES HEALTH CARE, IT STILL DOES NOT MEAN MEDICAL CENTERS OF HOSPITALS).

THERE ARE NO PROVISIONS IN THE FEDERAL MENTAL HEALTH LAWS THAT ALLOWS, OR AUTHORIZES, THE UNITED STATES ATTORNEY GENERAL TO CONFINE A FEDERAL CIVIL COMMITMENT IN ANY FEDERAL FACILITY!

SEE LONO V FENTON, 7C1978, 581 F2D 645 (CONGRESS HAS FORBIDDEN NON-STATUTORY CONFINEMENT IN FEDERAL PRISON BE THE ENACTMENT OF 18 USC 4001(A).

(A) EVEN IF THE FEDERAL GOVERNMENT CONSTUCTED A BUILDING OF BRICK, MORTAR, CONCRETE, IRON, AND STEE, IT STILL COULD NOT CONFINE CIVIL COMMITMENTS IN THAT BUILDING BECAUSE THERE ARE SIMPLY NO PROVISIONS IN THE FEDERAL MENTAL HEALTH LAWS THAT ALLOW, OR AUTHROIZES, FEDERAL HOSPITALIZATION OR FEDERAL CONFINMENT;

(B) UNDER 18 USC 4243(E), THE U.S. ATTORNEY GENERAL HAS ONLY THREE OPTIONS. HE CAN:
APPROVAL MUST BE OBTAINED FOR DISCHARGE, CAN ONLY SUPERVISE THOSE ACQUITTEES WHO ARE STILL IN THE ATTORNEY GENERALS CARE; SECTION 4243(F) CANNOT LOGICALLY APPLY TO THOSE PERSONS WHO HAVE BEEN TURNED OVER TO THE STATE OFFICIALS., IS THE PREFERRABLE ROUTE, AS FAR AS CONGRESS IS CONCERNED.

THIS PREFERRED ROUTE OF "RELEASE" MEANS JUST THAT; THE FEDERAL

COMMITMENT POWER PASSES OUT OF THE PICTURE, THIS IS ALSO PURSUANT TO 42 USC GENERALL. THE FEDERAL INTERESTS IN HUSARS FATE IS EXTINGUISHED UPON HIS RELEASE TO STATE OFFICIALS, AND HIS DISCHARGE WOULD BE GOVERNED BY STATE LAW AND FEDERAL LAW IN THE JURISDICTION OF RELEASE, THE FEDERAL LAW LOOSES CUSTODYION, WHEN AN INDIVIDUAL IS TRANSFERRED TO AN AGENCY.

JUSTICE GINSBURG ADDED:

I REMAIN UNCONVINCED THAT CONGRESS INTENDED TO INTRUDE THE FEDERAL GOVERNMENT SO FAR INTO THE FIELD OF CIVIL COMMITMENT HISTORICALLY RESERVED TO THE STATE.

JUDGES WALD, MIKVA, AND GINSBURG OBVIOUSLY KNEW THAT THERE ARE NO PROVISIONS IN THE FEDERAL MENTAL HEALTH LAWS THAT ALLOWS A FEDERAL CIVIL COMMITMENT TO BE IN FEDERAL CINFINEMENT AND THAT IT WAS THE INTENT OF CONGRESS FOR THE STATES TO ASSUME RESPONSIBILITY, ACCEPT FOR INDIVIDUASL RELEASED TO ANOTHER FEDERAL AGENCY.

IN ADDITION, THE COURT IN HUSAR (FOOTNOTE) STATED THAT THE STATUTE COMMANDS THE U.S. ATTORNEY GENERAL TO MAKE ALL REASONABLE EFFORTS TO CAUSE THE STATE OR OTHER FEDERAL AGENCY TO ACCEPT RESPONSIBILITY. THIS IS CLEAR EVIDENCE THAT CONGRESS INTENDED THE STATE OR OTHER FEDERAL AGENIES TO ASSUME COMPLETE JURISDICTION OVER CIVIL COMMITMENTS. THE ATTORNEY GENERAL CANNOT PASSIVELY MAKE REQUESTS TO THE STATE OR OTHER FEDERAL AGENCIES. HE MUST AGGRESSIVELY CAUSE THE STATE AND OTHER FEDERAL AGENCIES TO ASSUME RESPONSIBILITY. SEE U.S. V STEIL, 8C1990, 916 F2D 485, AND VITEK V. JONES.

IN THE BOP SYSTEM, THIS POWER HAS BEEN DELEGATED TO THE SOCIAL WORKER (UNDER THE TABLE OF ORGANIZATION THERE IS NO SOCIAL WORKER IN PURLIC HEALTH OR BUREAU OF PRISONS), THE CASE MANAGER IS RESPONSIBLE FOR PLACEMENT AND MUST FILE IN WRITING EVERY 15 DAYS WITH AN AGENCY, MENTAL HEALTH UNIT MANAGER IS TO ASSIST AND THE ASSOICATE WARDEN IS TO FILE EVERY QUARTER WITH AN AGENCY, IF ALL FAILS THE IN WRITING REQUEST ASSISATNCE FROM SECRETARY OF HEALTH AND HUMAN SERVICE IN WASHINGTON D.C. THE SECRETARY ADDRESS IS IN PARAGRAPH 12. ABOVE. DO NOT GO TO A PUBLIC HEALTH EMPLOYEES DESK AND VERABLLY NOTIFY THE SITUATION TO THE CLERK. THE PUBLIC HEALTH EMPLOYEE IS NOT THE SECRETARY OF HEALTH AND HUMAN SERVICES AS EXPLAINED IN 18 USC 4247(i)(D). THE PUBLIC HEALTH EMPLOYEE MAKES ONE PHONE CALL PER YEAR AND THAT IS AT THE TIME OF THE ANNUAL REPORT IS DUE FOR 4243 AND 4246 PERNMENT COMMITMENTS, 4241 INDIVIDUALS EVERY SIX MONTHS (WHICH THE PETITIONER IS A 4241(D), PENDING WITHOUT

CONDITIONS OF ANY SORT TO THE VETERANS AFFAIRS MEDICAL CENTER WASHINGTON D.C. UNTIL THE SEMI-ANNUAL OR ANNUAL COURT REPORT IS DUE THE PUBLIC HEALTH EMPLOYEE DOES NOTHING BY HOLD CLASSES ON COMPENTENCY RESTORTATION (ONE HOUR CLASS PER WEEK FOR THIRTEEN WEEKS AND THE CLASS IS ON WHERE THE JUDGE SITS, WHERE THE U.S. ATTORNEY SITS, WHERE THE INMATES SITS, WHERE THE JURY SITS. UNTIL THE ANNUAL OR SEMI ANNUAL REPORT, NO OTHER EFFORTS ARE MADE TO HAVE THE STATE OR ANOTHER FEDERAL AGENCY TO ASSUME RESPONSIBILITY FOR THE CIVIL COMMITMENT.

IRONICALLY, THE LACK OF EFFORT OF THE PUBLIC HEALTH EMPLOYEE IS JUSTIFIED BY A PROCESS CALLED PAYCHECKITIS, THE MORE INMATES, THE LONGER THE INMATES STAY THE LONGER THE PSYCHIATRIST, PSYCHOLOGIST, PHYSICIANS, OTHER MEDICAL STAFF, PUBLIC HEALTH EMPLOYEES WILL RECEIVE A PAYCHECK AND IF LONG ENOUGH A RETIREMENT PAYCHECK. IS MOOTED BECAUSE OF THE LACK OF JURISDICTION OF THE PUBLIC HEALTH EMPLOYEE, THE CASE MANAGER, MENTAL HEALTH UNIT MANAGER AND ASSOICATE WARDEN ARE TO BE DOING THE PLACING OF INMATES. ALL OF THE BUREAU OF PRISON EMPLOYEES ACT IN CLEAR ABSENCE OF ALL JURISDICTION BECAUSE THE BOP DOES NOT HAVE LAWFULD CUSTODY OF THE FEDERAL CIVIL CIMITMENTS.

THE U.S. ATTORNEY GENERAL, AND THE DIRECTOR OF THE FEDERAL BUREAU OF PRISONS, COMPLETELY MISINTERPRETED AND MISAPPLIED THE FEDERAL MENTAL HEALTH LAWS. THEY PUT INSANITY ACQUITTEE IN PRISON JUST AS IF THE ACQUITTEE HAD BEEN FOUND GUILTY AND THEN TREATED THE ACQUITTEE AS A CONVICTED AND SENTENCED PRISONER IN VIOLATION OF CLEARLY ESTABLISHED LAW, 4246 ALSO GET CAUGHT UP IN THIS WITH 4241 COMITTMENTS.

14. CIVIL COMMITMENTS ARE "PATIENTS" NOT "PRISONERS", (PERKINS V HENDRICKS 1C2005, 340 F3D 582; PAGE V TORREY, 9C2005, 201 F3D 1136).

15. CIVIL COMMITMENTS HAVE MORE RIGHTS THAT PRE-TRIAL DETAINEES AND PRE-TRIAL DETAINEES HAVE MORE RIGHTS THAN CONVICTED PRISONERS, AND CIVIL COMMITMENTS MUST BE TREATED MORE CONSIDERATE THAT CONVICTED PRISONERS, (JONES V BLANAS, 9C2004, 393 F3D 918; KING V GREENBLATT, DMASS 1999, 53 FS2D 117, CAMPBELL V MCGRUDER, DCC 1978, 580 F2D 521 AT N.9).

16. CIVIL COMMITMENTS CANNOT BE TREATED AS CONVICTED PRISONERS ARE TREATED (JONES V US 1983, 463 US 354 AT 369; JONES V BLANAS, 9C2004, 393 F3D 918; US V JAIN, 7C1999, 174 F3D 392; YOUNGBERG V ROMEO, 1982, 457 US 307; DESHANEY V WINNEBAGE, 1989, 489 US 189, PARHAM V JR, 1979, 492 US 584; FOUCHA V LOUISIANA, 1994, 504 US 71).

177. CIVIL COMMITMENTS CANNOT BE DISCIPLINED, NOR PUNISHED FOR ANY REASON, (THE MENTAL HEALTH 4244 AND 4245 ARE TO BE IN THE FEDERAL MEDICAL CENTERS, 4241, STUDIES, PRE TRIAL, 4243, 4246, AND 4247 IN MEDIUMS FOR (90) DAYS THEN TO GENERAL POPULATION IN ACCORDANCE WITH THEIR SECURTIY LEVELS, PENDING DISPOSITION OF THE CASES. BOP PLACES EVERYBODY IN CONTROLLED HOUSING (MEDIUMS), SEGREGATION AT THE FEDERAL MEDICAL CENTERS, AND SECLUSION IS ACTUALLY DISCIPLINARY SEGREGATION, AND FULL OF MENTAL HEALTH ILLEGALLY THROUGHTOUT BOP. (JONES V US, ID; JONES V BLANAS, ID; YOUNGBURG, ID; FOUCHA, ID; DESHANEY, ID; PARHAM, ID).

18. THE RULES, REGULATIONS, AND POLICY STATEMENTS DO NOT APPLY TO CIVIL CIMMITMENTS (TYLER V GICCONE, WDMO 1969, 299 FSUPP 684).

LEGAL SUFFICIENCY:

THE PETITIONR IN THIS ACTION ALSO ALLEGES THAT THERE IS A LEGAL INSUFFICIENCY IN THE COMMITMENT OF INSANITY ACQUITTEES COMMITTED UNDER 18 USC 4243(E), 4241(D), 4246(D) AND PURSUANT TO 4247(D).

INSANITY ACQUITTEES ARE CRIMINALLY COMMITTED AS A EXTENTION OF THE CRIMINAL TRIAL JUST AS A CONVICTED DEFENDANT IS SENTENCED IN A SENTENCING HEARING FOLLOWING THE JURY (OR COURT), VERDICTS OF GUILTY. BUT THE INSANITY ACQUITTEE IS NOT GUILTY, THUSLY, THE COMMITMENT CANNOT BE AN EXTENSION OF THE CRIMINAL TRIAL, AND RELEASE CAN BE OBTAINED BY HABEAS CORPUS UNIMPAIRED PURSUANT TO 28 USC 2241, PURSUANT TO 18 USC 4247(G), NOTHING CONTAINED IN SECTION 4243, 4246, 4241, 4247, PRECLUDES A PERSON WHO IS COMMITTED UNDER EITHER OF SUCH SECTIONS FROM ESTABLISHING BY WRIT OF HABEAS CORPUS THE ILLEGALITY OF HIS DETENTION, AND PURSUANT TO 8 USC 1226A THE CONTINTUTION OR DISCONDITION OF ANY STUDY FOR DANGEROUS TO SELF AND OTHERS, DANGEROUS STUDIES ARE ONLY GOOD FOR SIX MONTHS.

THE PROVISIONS OF 18 USC 4246 ARE INSTRUCTIVE ON THIS MATTER, THE INDIVIDUAL MUST HAVE BEEN PRIORLLY BEEN A 4243, 4244, 4245, OR CHARGES DISMISSED BECAUSE OF MENTAL CONDITION, THE PETITIONERS WAS DISMISSED (PENDING INDICTMENT DIMISSED WITHOUT PREJUDICE), AND A HEARING PURSUANT TO 18 USC 4247(D), A 4241 CAN ALSO BE COMMITED UNDER THIS SECTION ONLY IF CHARGES STILL EXIST. THE PETITIONER HAS NO CHARGES OR WAS EVER WAS INDICTED, JUST INFORMATION PETITIONER AND STUDY ORDER AND EVALUATION. WHEN A SENTENCED PRISONER (WHOSE SENTENCE IS ABOUT TO EXPIRE), IS DETERMINED TO BE TO MENTALLY ILL AND DANGEROUS TO BE RELEASED, A SEPARATE,

AND DISTINCT, CIVIL PETITION IS MADE TO A COURT AND THE COMMITMENT ACTION IS GIVEN A DIFFERENT CASE NUMBER AND A DIFFERENT COURT DOCKET NUMBER TO INDICATE THAT IT IS A CIVIL MATTER AND NOT A CONTINTUATION OF THE CRIMINAL MATTER, AND REQUIRES A HEARING IN COURT IN PRESENCE OF THE INMATE PURSUANT TO 18 USC 4247(D). THERE IS NO QUESTION THAT IT IS A CIVIL PROCEEDING.

HOWEVER, THE PETITIONER (AND NO OTHER INSANITY ACQUITTEE) WAS GIVEN A CIVIL PROCEEDING. PURSUANT TO 18 USC 4247(D) AND 4247(G), MAY REQUEST A HEARING WRIT OF HABEAS CORPUS PURSUANT TO 28 USC 2241). OTHERS INSANITY ACQUITTEES, WERE CRIMINALLY COMMITTED AS AN EXTENSION OF THE CRIMINAL PROCEEDINGS. THAT IS A LEGAL INSUFFICIENCY THAT MANDATED THE ACQUITTEES TO BE RELEASED IMMEDIATELY OR BE RECOMMITTED IN A CIVIL PROCEEDING.

## SUMMARY AND CONCLUSION

THE U.S. ATTORNEY GENERAL MISINTERPRETED AND MISAPPLIED THE FEDERAL MENTAL HEALTH LAWS AND VIOLATED THE RIGHTS OF THE PETITIONR AND CLEARLY ESTABLISHED LAW TO CAUSE THE PETITIONER IRREPARABLE INJURY. THERE ARE NO PROVISIONS IN THE FEDERAL MENTAL HEALTH LAWS THAT ALLOW CIVIL COMMITMENTS TO BE IN FEDERAL CONFINEMENT, YET, THE ATTORNEY GENERAL PLACED THE PETITIONER IN FEDERAL PRISON TO BE TREATED JUST AS IF THE ACQUITTEE WAS FOUND GUILTY AND JUST AS IF THE CONVICTGED PRISONERS SENTENCE HAD NOT EXPIRED. THE PEITIONER IS A 4241(D), PENDING RELEASE FOR 14 YEARS. THE FEDERAL BUREAU OF PRISONS DOES NOT HAVE LAWFUL CUSTODY OF ANY FEDERAL CIVIL COMMITMENT AND THE BOP EMPLOYEES ACT IN CLEAR ABSENCE OF ALL JURISDICTION. THE BOP EMPLOYEES CANNOT PRESCRIBE ANY MODE OF TREATMENT NOR CAN THEY MAKE RECOMMENDATION TO THE COURT, ONLY RECOMMENDATIONS TO THE UNITED STATES ATTORNEY. THE RECEIVING FACILITY DETERMINES THE TREATMENT AND MEDICATION NOT BUREAU OF PRISONS EMPLOYEES, WHEN AN INDIVIDUAL LEAVES BOP FACILITY PURSUANT TO 42 USC GENERALLY, THE RECEIVING DETERMINES TREATMENT TO POSSABLILITY TO INCLUDE MEDICATIONS. THEY SIMPLY DO NOT HAVE LAWFUL JURISDICTION OR AUTHORITY TO DO ANYTHING.

IT IS THE STATES AND OTHER FEDERAL AGENCIES RESPONSIBILITY TO HOSPITALIZE THE CIVIL COMMITMENT, AND THE PETITIONER HAS SUFFERED UNDER THE FALSE IMPRISONMENT AND THE LEGAL INSUFFICIENCY. THE PETITIONER NOW DEMANDS HBIS RELEASE, OR REQUESTS THAT THE COURT ISSUE A MANDATE TO THE UNITED STATES ATTORNEY GENERAL AND THE DIRECTOR OF THE BUREAU OF PRISONS TO COMPLY WITH THE 18 USC 4247(i), AND TRANSFER THE PETITIONER

TO THE VETERANS AFFAIRS MEDICAL CENTER, WASHINGTON D.C. AS THE PETITIONER HAS REQUESTED SINCE 20 APR 1993, FILED PETITIONS EVERY SIX MONTHS 20 APR AND 20 OCT EACH YEAR SINCE 1993 THRU PRESENT WITHOUT RELIEF, AND CLEARLY ESTABLISHED BY LAW.

REWPECTFULLY SUBMITTED ON THIS 20 DAY OF OCTOBER 2006.

*[signature]*
STANLEY A. SLUPKOWSKI PRO SE:
FMC 19289-083 ADMIN SEG 2E
FEDERAL MEDICAL CENTER
P.O. BOX 1600
BUTNER NC., 27509-1600

## CERTIFICATION

I, STANLEY A. SLUPKOWSKI, CERTIFY UNDER PENALTY OF PERJURY, PURSUANT TO 28 USC 1746, THAT I AM THE PETITIONER IN THIS ACTION AND THAT ALL THE STATEMENTS MADE HEREIN ARE MADE BY ME AND THAT ALL THE STATEMENTS MADE ARE TRUE AND CORRECT ACCORDING TO MY BEST KNOWLEDGE AND BELIEF.

PROCEEDINGS FOR DAMAGES ARE FILED IN DISTRICT COURTS OF WASHINGTON D.C. RALEIGH NC., AND UNITED STATES COURT OF FEDERAL CLAIMS WASHINGTON D.C. AND WILL ONLY COLLECT SETTLEMENT FROM ONLY ONE COURT, WHICH EVER IS PROPERLLY SETTLED THE DAMAGES PROCEEDINGS.

20 OCT 2006

*[signature]*
STANLEY A. SLUPKOWSKI PRO SE:
FMC 19289-083 ADMIN SEG 2E
FEDERAL MEDICAL CENTER
P.O. BOX 1600
BUTNER NC., 27509-1600

## CERTIFICATE OF SERVICE

DISTRICT CLERK
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE N.W.
WASHINGTON D.C. 20001

CERTIFIED MAIL 7003 3110 0001 3507 6317
RETURN RECEIPT REQUESTED

POSTCONVICTIONS CONSULTANTS
P.O. BOX
LITHIA SPRINGS GA., 30057

CERTIFIED MAIL 7003 3110 0001 3512 4995
RETURN RECEIPT REQUESTED

DATED 20 oct 2006

*[signature]*
STANLEY A. SLUPKOWSKI PRO SE:
FMC 19289-083 ADMIN SEG 2E